UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×

BENJAMIN LI'GON,

          *Plaintiff*,

v.

THE AMERICAN SOCIETY FOR THE PREVENTION OF
CRUELTY TO ANIMALS,

          *Defendant.*

------------------------------------------------------------------------×

Case No.: _____

**COMPLAINT**

       Plaintiff, Benjamin Li'Gon, by his attorneys, The Harman Firm, PC, for his complaint against Defendant, alleges:

## NATURE OF THIS ACTION

       1.     In this action, Plaintiff Benjamin Li'Gon ("Plaintiff" or "Li'Gon") seeks damages against his former employer, Defendant The American Society for the Prevention of Cruelty to Animals ("Defendant" or "ASPCA") for discriminating against him by terminating his employment based on his race, in violation of Civil Rights Act of 1886, 42 U.S.C. § 1981 ("§ 1981"); and terminating his employment based on his race, gender and sexual orientation, in violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131 ("NYCHRL").

## JURISDICTION AND VENUE

       2.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under § 1981.

       3.     Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL as the NYCHRL claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

## THE PARTIES

4.     At all relevant times hereto, Plaintiff Li'Gon was and is a resident of New York county in the State of New York.

5.     Upon information and belief, Defendant ASPCA is a corporation organized under the laws of the State of New York, with its principle place of business located at 424 East 92nd Street, New York, NY 10128.

## TRIAL BY JURY

6.     Plaintiff respectfully requests a trial before a jury.

## STATEMENT OF FACTS

7.     In and around July 2004, ASPCA hired Plaintiff Li'Gon as a Hiring Manager.

8.     Mr. Li'Gon consistently excelled at performing the duties of his position, earning merit-based raises and high performance reviews.

9.     Mr. Li'Gon is a gay, black man.

10.    ASPCA cultivated a work environment in which it allowed its white, heterosexual female staff to violate and ASPCA rules and harass their co-workers with impunity.

11.    ASPCA's female, white staff also often participated in horseplay that included physical contact and sexual comments. ASPCA's management were aware of this culture but never reprimanded their white, female employees for this conduct.

12.    For example, on the fifth floor, in front of the Hospital Team, Mr. Li'Gon's female colleague, Christal Rivera, groped Mr. Li'Gon, calling him "sexual chocolate." ASPCA employees witnessed and laughed at this behavior. Ms. Rivera was never disciplined, much less terminated.

13. On frequent occasions Jaimie Hotra, an ASPCA employee, called Mr. Li'Gon "sexy Benny boo boo bear" in the elevator, in the presence of other ASPCA employees.

14. Ms. Hotra never received any disciplinary action for open and notorious conduct involving sexual language and overtures.

15. Indeed, ASPCA's Human Resources Executive, Lisa Motz, upon information and belief, did not believe that this behavior warranted discipline.

16. Further, Lisa Motz, at all relevant times, had an animus against black men.

17. Mr. Li'Gon had two (2) assistants: Bridgette Knote, a white woman, and Stephen Cameron, a black man.

18. Ms. Knote made it difficult for Mr. Li'Gon to fulfill his duties efficiently, forcing him to complain to Ms. Motz about Ms. Knote's performance.

19. Mr. Li'Gon's frequent complaints were ignored, and Ms. Motz refused to reprimand Ms. Knote for her misconduct, which included egregious violations such as unlawfully taking animal medication without notifying those with authority, sleeping at ASPCA's office, and working off-the-clock; upon information and belief, Ms. Motz was aware of Ms. Knote's repeated misconduct.

20. Upon information and belief, Ms. Motz never disciplined Ms. Knote.

21. However, Ms. Motz immediately disciplined Mr. Cameron, writing him up after only one (1) trivial complaint. Ms. Motz even went so far as to put Mr. Cameron on final review, even after Mr. Li'Gon recommended that Ms. Motz follow ASPCA's progressive discipline policy by giving Mr. Cameron only a written warning.

22. Ms. Motz favored Ms. Knote, a white woman, over Mr. Cameron because Mr. Cameron is a black man.

23. On or about August 11, 2015, Mr. Li'Gon returned to ASPCA after a vacation.

24. Upon Mr. Li'Gon's return, Ms. Motz called a meeting with Mr. Li'Gon.

25. During this meeting, Ms. Motz terminated Mr. Li'Gon's employment, alleging that he participated in inappropriate horseplay with Mr. Cameron.

26. Mr. Li'Gon was blindsided by Ms. Motz's accusation because he and Mr. Cameron have an appropriate work relationship, and at no time did Mr. Cameron complain to HR about any misconduct by Mr. Li'Gon.

27. Mr. Li'Gon had not participated in, or been made aware of, any investigation conducted by the ASPCA.

28. Further, as described above, several of Mr. Li'Gon's white, female, heterosexual colleagues had engaged in identical or more egregious behavior without receiving any discipline.

29. Ms. Motz's animus toward gay, black men resulted in Mr. Li'Gon's termination.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Employment Discrimination in Violation of the Civil Rights Act of 1886, 42 U.S.C. § 1981**

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 29 with the same force as though separately alleged herein.

31. Section 1981 prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

32. Defendant discriminated against Plaintiff by subjecting him to more severe discipline than his non-black coworkers, and ultimately terminating him because of his race.

33. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages,

including, but not limited to, back pay, front pay, and emotional distress and suffering, all in amounts to be determined at trial.

34. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights under, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## SECOND CAUSE OF ACTION
### Race Discrimination in Violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 34 with the same force as though separately alleged herein.

36. The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

37. Defendant discriminated against Plaintiff by subjecting him to more severe discipline differently than his non-black coworkers, and ultimately terminating him because of his race.

38. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

39. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights under the NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## THIRD CAUSE OF ACTION
### Sexual Orientation Discrimination in Violation of the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 39 with the same force as though separately alleged herein.

41. Defendant subjected Plaintiff to sexual orientation discrimination in violation of the NYCHRL.

42. Plaintiff was subjected to discipline and termination unlike his heterosexual, colleagues who participated in the similar or more egregious conduct.

43. Defendant's discrimination was motivated by Plaintiff's sexual orientation.

44. Defendant's bias against Plaintiff ultimately led to Defendant's termination of Plaintiff.

45. The NYCHRL prohibits employers from, *inter alia*, terminating an employee because of his or her sexual orientation.

46. As a direct and proximate consequence of Defendant's sexual orientation discrimination, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

47. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights under the NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## FOURTH CAUSE OF ACTION
### Gender Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-101 to 8-131

48. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 47 with the same force as though separately alleged herein.

49. The NYCHRL mandates that no employer discriminate against an employee in compensation or in terms, conditions or privileges of employment on the basis of gender, race, and national origin.

50. Defendant discriminated against Plaintiff because he was male, treating him differently than Defendant's female staff.

51. As a direct and proximate consequence of Defendant's gender discrimination, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

52. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights under the NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. on Plaintiff's first cause of action, damages to be determined at trial, but in no event less than $500,000;

b. on Plaintiff's second cause of action, damages to be determined at trial, but in no event less than $500,000;

c. on Plaintiff's third cause of action, damages to be determined at trial, but in no event less than $500,000;

d. on Plaintiff's fourth cause of action, damages to be determined at trial, but in no event less than $500,000;

e. an award of prejudgment and post judgment interest;

f. an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 29, 2015

The Harman Firm, PC

By: _____
Walker G. Harman, Jr.
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com